**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | |
| | : | |
| v. | : | |
| | : | |
| NAUTILUS INSURANCE COMPANY | : | NO.  02-CV-4033 |
| | : | |
| and | : | |
| | : | |
| SCOTTSDALE INSURANCE COMPANY | : | |
| | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, NAUTILUS INSURANCE COMPANY, TO PLAINTIFF'S COMPLAINT

1-3    Admitted.

4.    Admitted upon information and belief.

5-9.    Denied.  Answering defendant is advised that these averments are conclusions of law and are deemed denied as a matter of law.  It is admitted that the School District erected and thereafter maintained the Freemansburg Elementary School.  By way of further response, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to what specific activities and opportunities were provided by plaintiff at Freemansburg Elementary School.

10-11. Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to what specific activities and opportunities were provided by plaintiff at Freemansburg Elementary School.

12.    Denied.  It is denied that plaintiff has standing to bring this action in *parens patriae* as alleged.

13.     Denied.  It is denied that plaintiff has standing to bring this action in *parens patriae* as alleged.

14.     Denied.  It is denied that plaintiff has standing to bring this action in *parens patriae* as alleged.

15.     Admitted.

16.     **Check with third party defense counsel.**

17.     Admitted upon information and belief.

18.     Admitted upon information and belief.

19.     **Denied.  It is denied that Nautilus is in possession of a copy of the contract awarded to White Brothers.**

20.     Admitted.

21.     Denied as stated.  While it is admitted that plaintiff was an additional insured on the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff.  The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers.

22.     Denied. The term "insurer" is not defined in 42 Pa.C.S. Section 8371.

23.     Denied. The term  "insured" is not defined in 42 Pa.C.S. Section 8371.

24.    Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

25.    Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

26.    Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

27.    Denied.  Answering defendant is advised that this averment is a conclusion of law. By way of further response, after reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

**28.    Denied. Defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.**

29.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

30.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

31.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

32.    Denied. Defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.  By way of further answer, after reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.

33.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

34.    Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.

35.    Denied. Defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

36.    Denied. Defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

37.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

38.     Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

39.     Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

40.     Denied. Defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.  By way of further response, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

41.     Denied. Defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

42.     Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

43.     Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

44.     Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

<u>Damage to the School</u>

45.     Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

46.     Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

47.     Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

48.     Denied.  Answering defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.  By way of further answer, after reasonable investigation, answering defendant without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

49.     Denied.  Answering defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.  By way of further answer, after reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

50.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

51.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

52.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

53.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

54.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

55.    Denied. Answering defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.  By way of further answer, after reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

56.    Denied. Answering defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

57.    Denied.  It is denied that Nautilus had any obligation to plaintiff.

58.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.

59.    Denied.  Answering defendant is advised that this averment is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

<u>COUNT I</u>
<u>THE BETHLEHEM AREA SCHOOL DISTRICT V. NAUTILUS AND SCOTTSDALE,</u>
<u>BREACH OF CONTRACT</u>

60.    Denied.  Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses.

61.    Denied. Answering defendant is advised that this matter is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

62.    Denied. Answering defendant is advised that this matter is a conclusion of law and is deemed denied as a matter of law.  Strict proof thereof is demanded at trial.

63.    Denied as stated.  Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses. By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff.  The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg

Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers.

64.    Denied. Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses.  By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff.  The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers.

65.    Denied.  After reasonable investigation, answering defendant is without knowledge or  information sufficient to form a belief as to the truth or falsity of this averment and, therefore, it is denied.  Strict proof thereof is demanded at trial.  By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

WHEREFORE, defendant, Nautilus Insurance Company, respectfully requests this honorable court to dismiss plaintiff's claims with prejudice and enter a judgment in defendant's favor including an award of costs and reasonable attorneys' fees.

**COUNT II**
**THE BETHLEHEM AREA SCHOOL DISTRICT V. NAUTILUS AND SCOTTSDALE,**
**BAD FAITH CLAIM 42 PA.C.S. SECTION 8371**

66.     Answering defendant incorporates herein by reference paragraphs 1-66 of its Answer as though more fully set forth at length.

67.     Denied. Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses.   By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff. The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers.   By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

68.     Denied. Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses.   By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff. The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting

from unworkmanlike construction practices by White Brothers. By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

69.    Denied. Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses. By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff. The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers. By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

70.    Denied. Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses. By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff. The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff

including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers.  By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

   71. Denied.  Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses.  By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general liability coverage for claims presented by third parties against White Brothers and/or the plaintiff.  The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers.  By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

   72. Denied.  Plaintiff has no contract with Nautilus, plaintiff is not a third party beneficiary of any contract with Nautilus for the losses alleged in the Complaint, and, there is no coverage under the policy of insurance issued by Nautilus for plaintiff's claims and alleged losses.  By way of further response, the policy of insurance issued by Nautilus, the policy provides only commercial general

-12-

liability coverage for claims presented by third parties against White Brothers and/or the plaintiff. The Nautilus policy provides no coverage for the first party claims being presented here by plaintiff including, but not limited to, property damage to the Freemansburg Elementary School caused by water, mold, or unworkmanlike construction practices by White Brothers and/or damages resulting from unworkmanlike construction practices by White Brothers. By way of further response, it is denied that plaintiff suffered any loss or damage as a result of any action or inaction by answering defendant and it is denied that the policy of insurance issued by answering defendant provides coverage for any loss or damage claimed by plaintiff.

WHEREFORE, defendant, Nautilus Insurance Company, respectfully requests this honorable court to dismiss plaintiff's claims with prejudice and enter a judgment in defendant's favor including an award of costs and reasonable attorneys' fees.

### AFFIRMATIVE DEFENSE

73.    At the time of the commencement of this action there was and is now an action pending in the Northampton County Court of Common Pleas, Civil Action No. C0048CV-2002002968, which is the underlying cause of action upon which the current cause of action is based and which action is still undetermined and at issue causing the present cause of action to be premature.

### AFFIRMATIVE DEFENSE

74.    Plaintiff has failed to state a cause of action against the answering defendant upon which relief may be granted.

### AFFIRMATIVE DEFENSE

75.     Plaintiff's claims against the answering defendant are barred by the Doctrines of Waiver and Estoppel.

## AFFIRMATIVE DEFENSE

76.     Plaintiff's claims against the answering defendant are barred or reduced by its failure to mitigate damages or losses.

## AFFIRMATIVE DEFENSE

77.     Plaintiff's alleged damages and/or losses were caused by others over whom the answering defendant had no control, nor right of control.

## AFFIRMATIVE DEFENSE

78.     Plaintiff's claims of negligence may be the result of the acts or omissions of other individuals or entities which acts or omissions may constitute intervening and/or superseding causes of the damages allegedly sustained by the plaintiffs.

## AFFIRMATIVE DEFENSE

79.     Plaintiffs' claims for damages and/or losses allegedly sustained as a result of the acts or omissions of the answering defendant were not proximately caused by the answering defendant.

## AFFIRMATIVE DEFENSE

80.     Plaintiffs' Complaint is barred in whole or in part by a contractual limitations period set forth in the Nautilus policy of insurance, if any.

## AFFIRMATIVE DEFENSE

81.     Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations.

## AFFIRMATIVE DEFENSE

82.    Defendant incorporates herein by reference as though fully set forth at length all limitations, bars, preclusions, exclusions, deductibles and other provisions, terms and conditions in the insuring agreement existing under the contract of insurance between defendant, Nautilus Insurance Company, and White Brothers.

## AFFIRMATIVE DEFENSE

83.    Defendant asserts that plaintiff has failed to provide reasonable proof that any damages or losses alleged fall within the coverages provided by the policy of insurance issued by Nautilus Insurance Company to White Brothers.

## AFFIRMATIVE DEFENSE

84.    Defendant asserts that plaintiffs have no claim for costs, interest, attorney's fees and/or punitive damages.

## AFFIRMATIVE DEFENSE

85.    Defendant has acted with reasonable foundation and/or basis in refusing to pay benefits and has acted without self-interest, bad faith or ill will.

## AFFIRMATIVE DEFENSE

86.    Some or all of the damages and/or claims set forth in the Complaint are not recoverable under the terms of the policy of insurance issued to White Brothers and/or under the applicable law.

## AFFIRMATIVE DEFENSE

87.    Some or all of the damages and/or claims set forth in the Complaint are not recoverable under the terms of the contract between plaintiff and White Brothers.

## AFFIRMATIVE DEFENSE

88.    Plaintiff's claim for damages under Count II of the Complaint, alleging bad faith under 42 Pa.C.S. §8371, are without foundation or merit because plaintiff is not entitled to coverage under the Nautilus policy.

## AFFIRMATIVE DEFENSE

89.    Defendant believes and, therefore, avers that plaintiff, in taking part in the procurement, initiation or continuation of these civil proceedings, is acting in a grossly negligent manner or without probable cause and primarily for purposes other than that of securing the proper adjudication of a claim.

## AFFIRMATIVE DEFENSE

90.    Defendant believes and, therefore, avers that plaintiff does not reasonably believe that it is entitled to coverage under the policy of insurance issued by Nautilus Insurance Company because the policy is a commercial general liability policy which clearly and unambiguously does not apply to or provide coverage for the alleged loss.

## AFFIRMATIVE DEFENSE

91.    As a result of the foregoing, plaintiff is or may become subject to liability for damages under 42 Pa.C.S. Section 8353 for wrongful use of civil proceedings and or Federal Rule 11 which may include, but are not limited to, any specific pecuniary loss that has resulted from these

proceedings and the expenses that Nautilus reasonably incurs in defending against these proceedings, together with punitive damages.

## AFFIRMATIVE DEFENSE

92.    Defendant incorporates herein by reference all affirmative defenses and New Matter set forth in Pennsylvania Rule of Civil Procedure 1030.

## AFFIRMATIVE DEFENSE

93.    The discovered mold and resulting damages, if any, were the result of long-standing moisture, humidity, ventilation and water penetration problems which were never addressed by the School District and steam cleaning without appropriate ventilation conducted by the School District in classrooms during the summer of 2000 and, such losses and causes of loss are not covered under the policy of insurance issued by Nautilus Insurance Company.

## AFFIRMATIVE DEFENSE

94.    Plaintiffs recovery, if any, is limited by the terms, conditions, scope, limitations and exclusions of  the policy of insurance issued by Nautilus Insurance Company and the contract between plaintiff and White Brothers.

## AFFIRMATIVE DEFENSE

95.     No act or omission on the part of White Brothers was the proximate or actual cause of any damages to plaintiff and, therefore, there is no coverage for plaintiff under the policy of insurance issued by Nautilus Insurance Company.

## AFFIRMATIVE DEFENSE

96.     Nautilus Insurance Company has not breached any duty or obligation, legal, contractual or otherwise, owed to plaintiff.

WHEREFORE, defendant, Nautilus Insurance Company, respectfully requests this Honorable Court to dismiss plaintiff's Complaint with prejudice and to enter judgment in favor of defendant including costs and reasonable attorney's fees.

## CROSS CLAIM AGAINST DEFENDANT, SCOTTSDALE INSURANCE COMPANY

97.     Answering defendant asserts a cross claim against defendant, Scottsdale Insurance Company, and avers that if the allegations contained in the plaintiffs' Complaint are proven to be true, then the defendant, Scottsdale Insurance Company, is solely, or jointly and severally liable to the plaintiff, or liable over to the answering defendant on the plaintiffs' cause of action.  Scottsdale Insurance Company, is liable to the answering defendant on all claims asserted by plaintiff against the answering defendant.

98.     Answering defendant hereby asserts a claim for indemnification or contribution against the defendant, Scottsdale Insurance Company, for the amount of any judgment entered in favor of the plaintiff for which answering defendant is held liable and which was caused by the liability producing conduct of Scottsdale Insurance Company.

-18-

WHEREFORE, defendant, Nautilus Insurance Company, respectfully requests this Honorable Court to dismiss plaintiff's Complaint with prejudice and to enter judgment in favor of defendant including costs and reasonable attorney's fees.

JOHN CHURCHMAN SMITH & ASSOCIATES, P.C.


BY: _____
　　　STUART. S. SMITH, ESQUIRE
　　　Attorneys for Defendant,
　　　Nautilus Insurance Company

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

BETHLEHEM AREA SCHOOL DISTRICT    :
                                               :

                  v.                            :

NAUTILUS INSURANCE COMPANY      :     NO.  02-CV-4033
                                               :

          and                            :

SCOTTSDALE INSURANCE COMPANY    :
_____:

**PROOF OF SERVICE**

     I, STUART S. SMITH, ESQUIRE, attorney for defendant, Nautilus Insurance Company,

hereby certify that a true and correct copy of Defendant's Answer and Affirmative Defenses to

Plaintiff's Complaint was  served upon all parties of record by U.S. First Class Mail as follows:

Attorney for Plaintiff, The Bethlehem Area School District
Paul Logan, Esquire
Powell, Trachtman, Logan, Carrle,
     Bowman & Lombardo, P.C
475 Allendale Road, Suite 200
King of Prussia, PA 19406


Attorney for Defendant, Scottsdale Insurance Company
Scott Treadwell, Esquire
Swartz, Campbell and Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA. 19103-2316

                                   JOHN CHURCHMAN SMITH & ASSOCIATES, P.C.


DATE:_____      BY:_____
                                      STUART S. SMITH, ESQUIRE
                                      Attorney for Defendant,
                                      Nautilus Insurance Company

# **V E R I F I C A T I O N**

I, Kimberly Taube, an authorized representative of defendant, Nautilus Insurance Company in the within action, hereby state that the facts set forth in the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____

Kimberly Taube