IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT : | |
| : | |
| v. : | |
| : | |
| NAUTILUS INSURANCE COMPANY : | NO. 02-CV-4033 |
| : | |
| and : | |
| : | |
| SCOTTSDALE INSURANCE COMPANY : | |

**PLAINTIFF BETHLEHEM AREA SCHOOL DISTRICT'S ANSWER TO
SCOTTSDALE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Bethlehem Area School District (the "School District"), by and through its undersigned counsel, hereby files this Answer to the Motion for Summary Judgment of Scottsdale Insurance Company ("Scottsdale")[1], and in support thereof avers as follows:

1. Denied, in that the corresponding averment misstates and mischaracterizes the School District's claims, and for the reason that the Complaint is a document of record that speaks for itself. By way of further answer, the School District, an insured under a policy of insurance issued by Scottsdale (the "Policy") has brought claims against Scottsdale for breach of contract and bad faith pursuant to 42 Pa.C.S.A. §8371 arising out of, *inter alia*, its refusal to provide benefits to the School District under the Policy for damages it sustained which were caused by water infiltration and mold at the Freemansburg Elementary School.

2. Admitted in part. Denied in part. It is admitted that at all times material hereto, there

---

[1] A true and correct copy of the Stipulation for Extension of Time to Respond which permits the School District additional time to file its response to the Motion for Summary Judgment is attached hereto as Exhibit "E".

existed in full force and effect an umbrella policy of insurance issued by Scottsdale Insurance Company providing liability coverage to White Brothers Construction, Inc. ("White Brothers"). It is further admitted that White Brothers is not a party to this action. The remaining averment of this paragraph is denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

3. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. The School District contracted with White Brothers for the replacement of the existing roof and installation of a new modified roofing system at, *inter alia*, the Freemansburg Elementary School (the "Contract") (Complaint ¶18). Pursuant to the Contract, White Brothers was required to obtain insurance and include the School District as a named insured on the policies it obtained. (See Exhibit "A" hereto containing the relevant portions of the Contract; see specifically, p. 00700-16, §5.04 (B)(1) and SGC-2 , §5.04 A7 of the Contract). Pursuant to its obligations under the Contract, White Brothers procured policies from defendants Nautilus and Scottsdale which policies, as evidenced by a Certificate of Insurance, included the School District as an additional insured. (See Exhibit "B" hereto).

In or about June, 2000, White Brothers commenced work over the west wing of the Freemansburg Elementary School. (Complaint ¶26). In performing the work under the Contract White Brothers, and its subcontractors, negligently and without regard to the preservation of the integrity of the roof and drainage systems, destroyed the integrity of the roof and drainage

systems without taking protective measures to prevent water infiltration into the building and systems, blocked off roof drains and changed the surface drainage system on the roof of the Freemansburg Elementary School which resulted in the accumulation of water which water infiltrated into the Freemansburg Elementary School. (Complaint ¶¶32-42).

As a result of the water infiltration, mold developed and spread throughout the Freemansburg Elementary School through, *inter alia*, the corridors and air plenum systems. (Complaint ¶¶49-52). Water damage and mold and mildew were discovered in virtually all areas of the Freemansburg Elementary School, including, but not limited to, on the roof deck, ceiling tiles, in cabinets, within wall spaces and on books and school supplies. (Complaint ¶53).

The School District advised White Brothers of the conditions and on or after August 8, 2000, White Brothers admitted liability for the damage caused by the mold and attempted unsuccessfully and inadequately to clean up areas of mold. (Complaint ¶¶54-55). The School District also provided notice to Nautilus and Scottsdale of its claim under the insurance policies obtained by White Brothers. (Complaint ¶56). Neither Nautilus nor Scottsdale took any steps to honor their obligations to the School District under the policies. (Complaint ¶57). As a result the School District initiated this action.

4. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. The School District alleges that Scottsdale has refused in breach of contract and in bad faith, to provide the School District with the benefits of the Policy despite notice and demand. (Complaint ¶¶56, 57 and ¶¶60-72). The School District, as an additional insured under the Policy, is entitled to first party benefits. The School District has brought a separate action

against White Brothers which action is currently pending and captioned at <u>Bethlehem Area School District v. White Brothers Construction Company, Inc., Joseph Miorelli & Company, Inc. And Shippe Mechanical, Inc.</u>, Northampton County Court of Common Pleas No. C0048CV2002200968.

5. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. Count I of the Complaint avers that Scottsdale breached its contract of insurance by failing to promptly, fully and fairly evaluate the School District's claims and by failing to act in good faith and effectual a prompt, fair and equitable settlement of the School District's claim, despite its clear liability under the Policy, and the admitted liability of its other insured, White Brothers. (Complaint ¶¶60 and 63).

6. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. Count II of the Complaint avers the Scottsdale acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School District's claim despite its clear liability under the Policy; Scottsdale's conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Scottsdale was concerned that if it admitted liability for the School District's damages it would expose Scottsdale to liability to other insureds for damages caused by water infiltration and mold, which liability Scottsdale wanted to avoid, and thus

it denied the School District benefits; and Scottsdale did not have a reasonable basis for denying benefits under the Policy and it knew of or recklessly disregarded its lack of reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

## COUNT I

7. No response required. The School District hereby incorporates by reference the foregoing paragraphs as if set forth at length herein.

8. Denied. The School District incorporates its response to paragraph 2 above.

9. Denied. The School District is an insured under the Policy. (See Exhibit "B" hereto). The Certificate of Insurance provides as follows:

**ADDITIONAL INSUREDS AS RESPECTS NAMED INSD OPRATIONS [sic]: BETHLEHEM AREA SCHOOL DISTRICT AND D'HUY ENGINEERING INC.**

Further, attached hereto as Exhibit "C" is a second Certificate of Insurance which also states that the School District is an additional insured on the insurance policies issued to White Brothers by Scottsdale and Nautilus for the period covering 2001-2002. Both Certificates of Insurance are consistent with the obligation assumed by White Brothers in its Contract with the School District. The Contract required White Brothers to include the School District as an additional insured on all liability insurance policies it obtained regarding the Freemansburg Elementary School project. (See Exhibit "A", Contract at p. 00700-16, §5.04(B)(1) and p. SGC-2, §5.04A7). Moreover, the language contained on the Certificates of Insurance attached hereto as Exhibits "B" and "C" evidences to those in the insurance industry, that the School District is an additional insured under the Policy. (See Report of Armando M. Castellini, attached hereto as

Exhibit "D").

10. Denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

11. Denied. As evidenced by the Certificates of Insurance attached hereto as Exhibits "B" and "C", the School District is an additional insured on the Policy. Scottsdale has failed to offer any evidence by way of affidavit, discovery responses or otherwise, in support of its Motion for Summary Judgment which contradicts the factual admission set forth in the Certificates and/or which creates an issue of material fact as to the School District's status as an insured. Scottsdale also failed to attach a copy of the Policy to its Motion.

12. Denied. The School District is an additional insured under the Policy, and thus, the Policy was intended to benefit the School District.

13. Denied, for the reasons set forth above.

14. Denied, as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

15. Denied. The School District has done more than aver it is an insured under the Policy. The School District has attached a Certificate of Insurance to its Complaint which Certificate evidences that it is an additional insured under the Policy. (See Exhibit "B" to the Complaint and Exhibit "B" hereto). The School District has further attached hereto as Exhibit "C" another Certificate of Insurance naming it as an additional insured under the Policy. The School District has also provided a report of an insurance industry expert,

       Armando Castellini. (See Exhibit "D" hereto). Mr. Castellini confirms that the Certificates of Insurance attached hereto as Exhibits "B" and "C" evidence, to those in the insurance industry, that the School District is an additional insured under the Policy. Scottsdale has failed to offer any evidence in support of its Motion for Summary Judgment which contradicts these facts and/or which creates an issue of material fact as to the School District's status as an insured.

16. Denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

17. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. Count II of the Complaint avers the Scottsdale acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School district's claim despite its clear liability under the Policy; Scottsdale's conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Scottsdale was concerned that if it admitted liability for the School District's damages it would expose Scottsdale to liability to other insureds for damages caused by water infiltration and mold which liability Scottsdale wanted to avoid, and thus Scottsdale denied the School District benefits; and Scottsdale did not have a reasonable basis for denying benefits under the Policy and it knew of or recklessly disregarded its lack

of reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

18. Denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

19. Denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment. By way of further answer, for the reasons set forth above, the School District is an insured under the Policy.

20. Denied as a conclusion of law to which no response is required.

WHEREFORE, plaintiff, Bethlehem Area School District requests that this Court deny defendant, Scottsdale Insurance Company's Motion for Summary Judgment or, in the alternative, continue the Motion to allow plaintiff sufficient time to complete discovery on the issues raised in the Motion.

### COUNT II

21. No response required. The School District hereby incorporates by reference the foregoing paragraphs as if set forth at length herein.

22. Denied as a conclusion of law to which no response is required, and for the reasons set forth above. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment. Denied further, in that the School District has asserted first party claims of breach of contract and bad faith insurance practices pursuant to 42 Pa.C.S.A. §8371 against Scottsdale in this action. The questions raised are whether Scottsdale had a duty to provide the benefits of the Policy to the School District,

and thus its refusal to do so constitutes a breach of the terms of the Policy, and whether in so refusing the School District the benefits of the Policy, Scottsdale acted in bad faith as that term is utilized in 42 Pa.C.S.A. §8371. Although White Brothers is also an insured under the Policy, it has absolutely no rights or interests at stake in the resolution of the School District's claims such that justice could not be done without its presence. While White Brothers may have similar claims against Scottsdale based upon its status as an insured and eventually may benefit from or be concerned with the rulings in this case, that does not create a right or interest essential to the merits of this dispute and to White Brothers' due process rights such that White Brothers must be a party of record in order to be adequately protected. White Brothers is not an indispensable party to this action.

23. Denied as a conclusion of law to which no response is required, and for the reasons set forth above. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

24. Denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

WHEREFORE, plaintiff, Bethlehem Area School District requests that this Court deny defendant, Scottsdale Insurance Company's Motion for Summary Judgment or, in the alternative, continue the Motion to allow plaintiff sufficient time to complete discovery on the issues raised in the Motion.

## COUNT III

25. No response required. The School District hereby incorporates by reference the foregoing

paragraphs as if set forth at length herein.

26. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. Count II of the Complaint avers that Scottsdale acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School district's claim despite its clear liability under the Policy; Scottsdale's conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Scottsdale was concerned that if it admitted liability for the School District's damages it would expose Scottsdale to liability to other insureds for damages caused by water infiltration and mold which liability Scottsdale wanted to avoid, and thus it denied the School District benefits; and Scottsdale did not have a reasonable basis for denying benefits under the Policy and it knew of or recklessly disregarded its lack of reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

27. Denied as a conclusion of law to which no response is required, and for the reasons set forth above. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

28. Denied as a conclusion of law to which no response is required, and for the reasons set forth above. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

29. Denied as a conclusion of law to which no response is required, and for the reasons set

forth above. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment.

30. Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. Count II of the Complaint avers that Scottsdale acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School district's claim despite its clear liability under the Policy; Scottsdale's conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Scottsdale was concerned that if it admitted liability for the School District's damages it would expose Scottsdale to liability to other insureds for damages caused by water infiltration and mold which liability Scottsdale wanted to avoid, and thus Scottsdale denied the School District benefits; and Scottsdale did not have a reasonable basis for denying benefits under the Policy and it knew of or recklessly disregarded its lack of reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

31. Denied as a conclusion of law to which no response is required, and for the reasons set forth above.

32. Denied as a conclusion of law to which no response is required, and for the reasons set forth above. The School District incorporates herein by reference its Brief in Opposition to Scottsdale's Motion for Summary Judgment. By way of further answer, the School District requires additional time to complete discovery to supplement its answer to the

Motion for Summary Judgment as set forth in the Affidavit of Paul A. Logan, Esquire attached hereto as Exhibit "F".

WHEREFORE, plaintiff, Bethlehem Area School District requests that this Court deny defendant, Scottsdale Insurance Company's Motion for Summary Judgment or, in the alternative, continue the Motion to allow plaintiff sufficient time to complete discovery on the issues raised in the Motion.

**POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN &LOMBARDO, P.C.**

Dated: August 25, 2003

By: _____
    Paul A. Logan
    Mary J. Pedersen
    Attorney for Plaintiffs
    Bethlehem Area School District

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT : | |
| : | |
| v. : | |
| : | |
| NAUTILUS INSURANCE COMPANY : | NO. 02-CV-4033 |
| : | |
| and : | |
| : | |
| SCOTTSDALE INSURANCE COMPANY : | |

**ORDER**

AND NOW, this       day of            , 2003, upon consideration of the Motion for Summary Judgment of Defendant Scottsdale Insurance Company and the response thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____
                                                                                    J.

KOP:258434v1 4461-02

## CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiff certifies that on August 25, 2003, a true and correct copy of the foregoing Plaintiff Bethlehem Area School District's Answer to Scottsdale Insurance Company's Motion for Summary Judgment was served upon the following by U.S. Mail, postage prepaid, at the addresses below.

Stuart S. Smith, Esquire
John Churchman Smith & Associates, P.C.
117-119 North Olive Street
P. O. Box 229
Media, PA 19063
Attorney for Defendant Nautilus Insurance Company

Scott J. Tredwell, Esquire
Swartz, Campbell & Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
Attorney for Defendant Scottsdale Insurance Co.

                                                  **POWELL, TRACHTMAN, LOGAN,**
                                                      **CARRLE, BOWMAN & LOMBARDO, P.C.**

By: _____
      Paul A. Logan
      Mary J. Pedersen

## CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiff certifies that on August 25, 2003, a true and correct copy of the foregoing Plaintiff Bethlehem Area School District's Brief in Opposition to Scottsdale Insurance Company's Motion for Summary Judgment was served upon the following by U.S. Mail, postage prepaid, at the addresses below.

Stuart S. Smith, Esquire
John Churchman Smith & Associates, P.C.
117-119 North Olive Street
P. O. Box 229
Media, PA 19063
Attorney for Defendant Nautilus Insurance Company

Scott J. Tredwell, Esquire
Swartz, Campbell & Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
Attorney for Defendant Scottsdale Insurance Co.

**POWELL, TRACHTMAN, LOGAN,
 CARRLE, BOWMAN & LOMBARDO, P.C.**

By: _____
       Paul A. Logan
       Mary J. Pedersen

KOP:258434v1 4461-02