IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : |
| v. | : |
| NAUTILUS INSURANCE COMPANY | : NO. 02-CV-4033 |
| and | : |
| SCOTTSDALE INSURANCE COMPANY | : |

## AFFIDAVIT OF PAUL A. LOGAN

Paul A. Logan deposes and states as follows:

1. I am the attorney for Plaintiff Bethlehem Area School District and am of legal age and competent to make this Affidavit in Opposition to Defendant Scottsdale Insurance Company's Motion to Dismiss. All statements made in this Affidavit are made on the basis of personal knowledge as the attorney with responsibility for the handling of this matter.

2. There are currently three other actions pending in this Court and in the Court of Common Pleas of Northampton County all of which arise from the same facts and circumstances as the current action. I am counsel for Plaintiff in each of those actions. Those actions are captioned as follows: 1) <u>Bethlehem Area School District v. Commonwealth Insurance Company</u>, Northampton County Court of Common Pleas No. C0048CV2002004127; 2) <u>Bethlehem Area School District v. Zurich Group, Zurich U.S. and The Maryland Commercial Insurance Group and Valiant Insurance Company</u>, U.S. District Court for the Eastern District of Pennsylvania No. 02-CV-06881; and 3) <u>Bethlehem Area School</u>

KOP:258898v1 4461-02

<u>District v. White Brothers Construction Company, Inc., Joseph Miorelli & Company, Inc. and Shippe Mechanical, Inc.</u>, Northampton County Court of Common Pleas No. C0048CV2002200968.

3. Given the overlapping of issues and facts between this action and the three other action mentioned above, on May 8, 2003, this Court entered an Order postponing the final pretrial and settlement conferences as well as the trial date so that the parties could propose a new schedule to reflect the timing of necessary coordinated discovery and the possible consolidation of the two cases pending in this District.

4. I have been working on behalf of Plaintiff with the various defendants in this and the other actions mentioned above to coordinate discovery and consolidate certain aspects of these actions for purposes of discovery, and perhaps trial, where possible.

5. As a result of these efforts to coordinate discovery and other aspects of the four actions, Plaintiff has not completed discovery in this case.

6. Plaintiff requires additional documents from defendant Scottsdale which documents were not produced in response to Plaintiff's first document request and which documents include, *inter alia*, the entire Scottsdale policy issued to White Brothers Construction, Inc., all Certificates of Insurance, all correspondence between Scottsdale and White Brothers Construction Co. and/or Scottsdale's insurance agent regarding the policy at issue, all documents relating to the investigation conducted by Scottsdale of Plaintiff's claim and its subsequent determination to deny benefits, internal policies, procedures or management directives relating to denial of coverage where the damage is caused by mold be it either property damage or personal injury.  Plaintiff has also subpoenaed the file of the insurance agent named in the Certificate of Insurance but has not yet received those

documents. They are expected to be produced the first week of September, 2003. Plaintiff is also in the process of issuing a subpoena to White Brothers Construction, Inc.'s agent for its file relating to the insurance policies issued by Scottsdale and Nautilus. It is believed that the documents produced by these parties will further support Plaintiff's contention that it is an insured under the Scottsdale and Nautilus insurance policies. It is further believed that the documents from Scottsdale regarding its investigation and decision to deny benefits will further support Plaintiff's bad faith claim.

7. Additionally, fundamental witnesses still must be deposed including those individuals at Scottsdale and Nautilus who made the decision to deny benefits to Plaintiff under the Scottsdale and Nautilus policies as well as, if necessary after the document production, individuals from White Brothers Construction, Inc., White Brothers Construction, Inc.'s insurance agent and Scottsdale's insurance agent.

8. Plaintiff requires additional time to complete that discovery in order to respond to Scottsdale's Motion for Summary Judgment which attacks Plaintiff's averment that it is an insured under the Scottsdale policy and its averments of bad faith on the part of Scottsdale in the handling of Plaintiff's claim for benefits under the Scottsdale policy.

I have read this Affidavit and it is true and correct to the best of my knowledge, information and belief. These statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Dated: <u>August 25, 2003</u>

                                                  Paul A. Logan