IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : |
| | : |
| v. | : |
| | : |
| NAUTILUS INSURANCE COMPANY | : NO. 02-CV-4033 |
| | : |
| and | : |
| | : |
| SCOTTSDALE INSURANCE COMPANY | : |

---

## MOTION FOR SUMMARY JUDGMENT

The defendant, Nautilus Insurance Company ("Nautilus), by and through its counsel, John Churchman Smith & Associates, hereby files this Motion for Summary Judgment, and avers as follows:

1. The plaintiff in this action is seeking recovery of alleged damages the consequence, according to the plaintiff, of faulty workmanship performed by White Brothers Construction, Inc. ("White Brothers"), an insured of the defendant, Nautilus Insurance Company. See plaintiff's Complaint previously filed.

2. At all times material to his action, Nautilus Insurance Company, had in effect a policy of insurance providing liability coverage to its insured, White Brothers, an indispensable, but unnamed party to this action.

3. The plaintiff, Bethlehem Area School District, alleges that it suffered damages as a result of the faulty workmanship of the insured, White Brothers.

4. The plaintiff alleges that the defendant, Nautilus Insurance Company, has refused to compensate them for their losses pursuant to the insurance policy issued to its insured, White Brothers.

5. In Count I of the Complaint, the plaintiff alleges that the defendant, Nautilus Insurance Company, breached its insurance contract by failing to compensate the plaintiff for the alleged losses.

6. In Count II of the Complaint, the plaintiff alleges that the defendant, Nautilus Insurance Company, acted in bad faith pursuant to § 8371 of the Judicial Code, 42 Pa. C.S.A. § 8371, in refusing to compensate plaintiff for its alleged losses.

## COUNT I

## (NO JURISDICTION - PLAINTIFF LACKS STANDING)

7. Defendant, Nautilus Insurance Company, hereby incorporates by reference herein at length paragraphs 1 through 6 of this Motion for Summary Judgment.

8. At all times material hereto, there existed in full force and effect a policy of insurance issued by Nautilus Insurance Company providing liability coverage to the insured, Whit Brothers, an indispensable, but unnamed party to this action.

9. The plaintiff is a third-party stranger to this insurance contract.

10. A stranger to a contract may sue to recover damages for breach of contract only if it is an _intended_, not just an incidental third-party beneficiary to the contract. See Scarpiti v. Weborg, 609 A. 2d 147 (Pa. 1992).

11. The plaintiff, Bethlehem Area School District, is not named or referenced in the insurance policy issued by the defendant, Nautilus Insurance Company, to the named insured, White Brothers.

12. There is neither an express nor implied intent in the policy of insurance, to benefit the plaintiff.

13. The purpose of the insurance contract was to provide liability coverage in exchange for the payment of a premiums with no thought or mention of benefit to the plaintiff.

14. The plaintiff is clearly not an intended beneficiary of the policy of insurance at issue. See Strutz v. State Farm Mutual Insurance Company, 609 A. 2d 569 (Pa. 1992).

15. Plaintiff's allegations that it is an insured under the policy do not automatically provide coverage.

16. Plaintiff's allegation is clearly a conclusion of law rather than averment of fact.

17. It is the position of the plaintiff that the defendant, Nautilus Insurance Company acted in bad faith but refusing to negotiate a settlement with the plaintiff.

18. The defendant, Nautilus Insurance Company owed no good faith duty to the plaintiff, since plaintiff was not an insured pursuant to the policy issued to White Brothers. See Strutz v. State Farm Mutual Insurance Company, supra.

19. The plaintiff lacks standing to bring an action against the defendant, Nautilus Insurance Company, since the only duty Nautilus Insurance Company owes is to its insured, White Brothers, not the plaintiff.

20. Therefore, the Complaint should be dismissed.

WHEREFORE, defendant, Nautilus Insurance Company, respectfully the Court to dismiss the Complaint with prejudice.

## COUNT II

### (FAILURE TO JOIN INDISPENSABLE PARTY)

21.     The defendant, Nautilus Insurance Company, hereby incorporates by reference as though fully st forth herein at length, paragraphs 1 through 20 of this Motion for Summary Judgment

22.     The plaintiff must bring an action against the insured, White Brothers, in order to recover under the policy for its alleged damages.

23.     The insured, White Brothers, is an indispensable party tot he action.

24.     The Court has no jurisdiction to act in this matter absent the joinder of that indispensable party.

WHEREFORE, the defendant, Nautilus Insurance Company, respectfully requests that the present be dismissed with prejudice.

## COUNT III

### (SUFFICIENCY OF THE BAD FAITH CLAIM)

25.     The defendant, Nautilus Insurance Company, hereby incorporates at length by reference paragraph 1 through 24 of this Motion for Summary Judgment.

26.     In Count II of the Complaint, the plaintiff seeks recovery of extra-contractual, bad faith damages pursuant to § 8371 of the Judicial Code, 42 Pa. C. S. A. § 8371.

27. In order to establish a claim based on § 8371 of the Judicial Code, the plaintiff is required to prove by clear and convincing evidence that the insured lacked a reasonable basis for refusing to pay the claim.

28. The fact that the defendant, Nautilus Insurance Company, denied the claim in not a sufficient basis for allegations of bad faith pursuant of § 8371 of the Judicial Code.

29. It is the plaintiff's burden to prove that defendant, Nautilus Insurance Company's failure to pay the claim arises from ill will or a dishonest purpose. See <u>Terletsky v. Prudential Property and Casualty Co</u>., 649 A.2d 680.

30. It is plaintiff's position that the defendant, Nautilus Insurance Company, improperly denied the claim and therefore plaintiff is entitled to recover damages for bad faith.

31. The plaintiff's allegations against the defendant, Nautilus Insurance Company only give rise to possible negligence, at the most, not bad faith.

WHEREFORE, defendant, Nautilus Insurance Company, respectfully requests that the present Complaint be dismissed with prejudice.

JOHN CHURCHMAN SMITH & ASSOCIATES, P.C.

BY: _____
KATHLEEN K. BARKSDALE, ESQUIRE
117 -119 North Olive Street
P.O. Box. 229
Media, PA 19063
(610) 565-3900
Attorney for Defendant,
Nautilus Insurance Company

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

___

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | |
| | : | |
| v. | : | |
| | : | |
| NAUTILUS INSURANCE COMPANY | : | NO. 02-CV-4033 |
| | : | |
| and | : | |
| | : | |
| SCOTTSDALE INSURANCE COMPANY | : | |

___

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

The instant case involves a claim by plaintiff, Bethlehem School District, for the recovery of alleged damages arising from faulty workmanship on the part of White Brothers Construction, Inc. ("White Brothers"), an insured of Defendant, Nautilus Insurance Company. At all times relevant to this cause of action White Brothers was insured by the defendant, Nautilus Insurance Company pursuant to a

liability policy. White Brothers, is not a named defendant in the instant action but it is an indispensable party.

In addition to alleging damages as a result of the work performed on plaintiff's property by the insured, White Brothers, plaintiff further alleges in the Complaint that despite numerous requests the defendant, Nautilus Insurance Company has failed to pay for plaintiff's losses pursuant to the policy issued to White Brothers.

Count I of the Complaint, alleges that the defendant, Nautilus Insurance Company, breached the terms of the insurance contract by failing to pay plaintiff for its alleged losses. The Complaint

further alleges in Count II that the defendant, in not paying the plaintiff's claim, acted in bad faith and breached § 8371 of the Judicial Code, 42 Pa. C.S.A. §8371.

The plaintiff failed to join the insured, an indispensable party, lacks standing to bring this suit and is not able to allege any factual basis for the claim of bad faith. Therefore, defendant, Nautilus Insurance Company filed this Motion for Summary Judgment.

**I.    ARGUMENT**

    **A.    Plaintiff Lacks Standing to Bring This Claim**

At all time relevant to this cause of action there existed an insurance policy, issued by the defendant, Nautilus Insurance Company to White Brothers for the purpose of providing liability insurance to White Brothers in exchange for the payment of premiums by White Brothers.

The plaintiff alleges that the defendant, Nautilus Insurance Company, breached that insurance contract and acted in bad faith pursuant to § 8371 of the Judicial Code by not paying plaintiff for its alleged losses.

The plaintiff is not a party to the contract between defendant, Nautilus Insurance Company and White Brothers. The only time a stranger has standing to sue and recover damages for breach of a contract is when that stranger is an intended beneficiary of the third party contract. See Scarpitti v. Weborg, 609 A. 2d 147 (Pa. 1992). There was no intent either express or implied, in this contract that the plaintiff would be a beneficiary. The plaintiff is not referred to, or anticipated in the contract issued by the defendant, Nautilus Insurance Company. The plaintiff cannot be considered an intended beneficiary.

The Superior Court of Pennsylvania addressed the same issue in Strutz v. State Farm Mutual Insurance Company, 609 A. 2d 569 (Pa. Super. 1992). In that case State Farm Mutual Insurance

Company argued that the claims against it for bad faith were invalid because the plaintiffs, not parties to the contract, lacked standing. According to the Superior Court:

> To be considered a third party beneficiary in this state it is necessary to show both parties to the contract had an intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract. We find no such intent in the binder's contract of insurance with State Farm either explicit or implied. The parties intent was to exchange premiums for liability protection, with no eye toward benefitting the plaintiffs.
>
> \*   \*   \*
>
> Next, appellants aver that the court erred in finding that they are not entitled to bring a bad faith action against State Farm. We agree with the trial court that the duty to negotiate a Settlement in good faith arises from the insurance policy an it is owed to the insured, not to a third party claimant.

609 A.2d at 570-71.

The claims against State Farm were in fact dismissed and the claims against Nautilus Insurance Company should also be dismissed.

The defendant, Nautilus Insurance Company owes no duty to the plaintiff in this action but rather the defendant's duty is to the named insured, White Brothers. The named insured is not a party to the instant action.

The plaintiff presents no factual averments or evidence that it is an insured under the policy between defendant, Nautilus Insurance Company and White Brothers. Absent such proof the plaintiff have no standing to bring this case and their claims of breach of contract and bad faith must be dismissed, with prejudice.

### B. The Plaintiff Has Failed to Join an Indispensable Party

The plaintiff in this case has no direct claim against Nautilus Insurance Company. The plaintiff has a tort claim against White Brothers for alleged damage done by White Brothers to plaintiff's property. And since the plaintiff has not joined the party that it has a claim against then the action must be dismissed since the court lacks jurisdiction. The determine whether or not a party is indispensable the Superior Court has looked at a number of factors:

(1) whether the party has a right or interest related to the claim;

(2) the nature of the right or interest;

(3) whether the right or interest is essential to the merits; and

(4) whether justice can prevail without violating due process rights of the absent party.

Fiore v. Oakwood Plaza Shopping Ctr., 510 A. 2d 1012,1020 (pa. Super.1991).

White Brothers has an interest in the claim which is essential to both due process and the merits of the case.

The failure to join White Brothers denies the Court jurisdiction. Nelson v. Dibble, 510 A2d 792 (Pa. Super.1986).

### C. The Plaintiff's Claims are Insufficient to Sustain a Cause of Action for Bad Faith

The plaintiff alleges that defendant, Nautilus Insurance Company refused to pay this claim and therefore acted in bad faith. The plaintiff fails to state a cause of action upon extra-contractual relief can be granted. The claims of bad faith must be denied.

In order to maintain a cause of action for bad faith, according to § 1871of the Judicial Code, 42 Pa. C.S.A.§ 8371, the plaintiff must show that there was no reasonable basis for the denial of the

claim and that the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim. <u>Terletsky v. Prudential Property and Casualty Insurance Company</u>, 649 A. 2d 680, 688 (Pa. Super. 1994). The fact that the claim was denied is not sufficient evidence to sustain a cause of action for bad faith.

The plaintiff bases its claim of bad faith on the defendant's denial of the claim. There are no factual allegations that there was no reasonable basis for the denial and furthermore that the defendant, Nautilus Insurance Company disregarded the lack of reasonable basis for denying the claim.

The plaintiff cannot sustain a claim for bad faith by the mere averment of denial to pay a claim absent a showing of intent to deny a reasonable claim on the part of the defendant, Nautilus Insurance Company. Therefore, this count should be dismissed, with prejudice.

JOHN CHURCHMAN SMITH & ASSOCIATES, P.C.

BY: _____
KATHLEEN K. BARKSDALE, ESQUIRE
117-119 North Olive Street
P.O. Box 229
Media, PA 19063
(610) 565-3900
Attorney for Defendant,
Nautilus Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : |
| v. | : |
| NAUTILUS INSURANCE COMPANY | : NO. 02-CV-4033 |
| and | : |
| SCOTTSDALE INSURANCE COMPANY | : |

---

**CERTIFICATE OF SERVICE**

KATHLEEN K. BARKSDALE, ESQUIRE, attorney for Defendant, Nautilus Insurance Company, hereby certifies that a copy of the foregoing Motion for Summary Judgment and accompanying supporting Memorandum of Law was served upon all counsel of record by United States first class mail.

JOHN CHURCHMAN SMITH & ASSOCIATES, P.C.

Date: _____   BY: _____
KATHLEEN K. BARKSDALE, ESQUIRE
117-119 North Olive Street
P.O. Box 229
Media, PA 19063
(610) 565-3900
Attorney for Defendant
Nautilus Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | |
| | : | |
| v. | : | |
| | : | |
| NAUTILUS INSURANCE COMPANY | : | NO. 02-CV-4033 |
| | : | |
| and | : | |
| | : | |
| SCOTTSDALE INSURANCE COMPANY | : | |

**O R D E R**

AND NOW, this        day of                    , 2003, upon consideration of the Motion for Summary Judgment filed by defendant, Nautilus Insurance Company, it is hereby **ORDERED** and **DECREED** that the Complaint be dismissed, with prejudice.

BY THE COURT:

_____
                                                                                    J.