**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | |
| | : | |
| v. | : | |
| | : | |
| NAUTILUS INSURANCE COMPANY | : | NO. 02-CV-4033 |
| | : | |
| and | : | |
| | : | |
| SCOTTSDALE INSURANCE COMPANY | : | |

**PLAINTIFF BETHLEHEM AREA SCHOOL DISTRICT'S ANSWER TO
NAUTILUS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Bethlehem Area School District (the "School District"), by and through its

undersigned counsel, hereby files this Answer to the Motion for Summary Judgment of Nautilus

Insurance Company ("Nautilus"), and in support thereof avers as follows:

1.      Denied, in that the corresponding averment misstates and mischaracterizes the School

District's claims, and for the reason that the Complaint is a document of record that

speaks for itself.  By way of further answer, the School District, an insured under a policy

of insurance issued by Nautilus (the "Policy"), has brought claims against Nautilus for

breach of contract and bad faith pursuant to 42 Pa.C.S.A. §8371 arising out of, *inter alia*,

its refusal to provide benefits to the School District under the Policy for damages it

sustained which were caused by water infiltration and mold at the Freemansburg

Elementary School.

2.      Admitted in part.  Denied in part.  It is admitted that at all times material hereto, there

existed in full force and effect a policy of insurance issued by Scottsdale Insurance

Company providing liability coverage to White Brothers Construction, Inc. ("White

Brothers"). It is further admitted that White Brothers is not a party to this action. The remaining averment of this paragraph is denied as a conclusion of law to which no response is required. The School District incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment.

3.      Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. The School District contracted with White Brothers for the replacement of the existing roof and installation of a new modified roofing system at, *inter alia*, the Freemansburg Elementary School (the "Contract") (Complaint ¶18). Pursuant to the Contract, White Brothers was required to obtain insurance and include the School District as a named insured on the policies it obtained. (See Exhibit "A" hereto containing the relevant portions of the Contract; see specifically, p. 00700-16, §5.04 (B)(1) and SGC-2 , §5.04 A7 of the Contract). Pursuant to its obligations under the Contract, White Brothers procured policies from defendants Nautilus and Scottsdale which policies, as evidenced by a Certificate of Insurance, included the School District as an additional insured. (See Exhibit "B" hereto).

In or about June, 2000, White Brothers commenced work over the west wing of the Freemansburg Elementary School. (Complaint ¶26). In performing the work under the Contract White Brothers, and its subcontractors, negligently and without regard to the preservation of the integrity of the roof and drainage systems, destroyed the integrity of the roof and drainage systems without taking protective measures to prevent water infiltration into the building and systems, blocked off roof drains and changed the surface drainage system on the roof of the

Freemansburg Elementary School which resulted in the accumulation of water which water infiltrated into the Freemansburg Elementary School. (Complaint ¶¶32-42).

As a result of the water infiltration, mold developed and spread throughout the Freemansburg Elementary School through, *inter alia*, the corridors and air plenum systems. (Complaint ¶¶49-52). Water damage and mold and mildew were discovered in virtually all areas of the Freemansburg Elementary School, including, but not limited to, on the roof deck, ceiling tiles, in cabinets, within wall spaces and on books and school supplies. (Complaint ¶53).

The School District advised White Brothers of the conditions and on or after August 8, 2000, White Brothers admitted liability for the damage caused by the mold and attempted unsuccessfully and inadequately to clean up areas of mold. (Complaint ¶¶54-55; See also Exhibit "E" hereto, letter from White Brothers admitting liability for damages to the school). The School District also provided notice to Nautilus and Scottsdale Insurance Company ("Scottsdale") of its claim under the insurance policies obtained by White Brothers. (Complaint ¶56). Neither Nautilus nor Scottsdale took any steps to honor their obligations to the School District under the policies. (Complaint ¶57). As a result the School District initiated this action.

4.    Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself. The School District alleges that Nautilus has refused in breach of contract and in bad faith, to provide the School District with the benefits of the Policy despite notice and demand. (Complaint ¶¶56, 57 and ¶¶60-72). The School District, as an additional insured under the Policy, is entitled to first party benefits. The School District has also brought its claims in parens patriae to protect the quasi-sovereign interests such as the health, comfort and welfare of

the students and community. The School District has brought a separate action against White Brothers which action is currently pending and captioned at <u>Bethlehem Area School District v. White Brothers Construction Company, Inc., Joseph Miorelli & Company, Inc. and Shippe Mechanical, Inc.</u>, Northampton County Court of Common Pleas No. C0048CV2002200968.

5.     Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself.   Count I of the Complaint avers that Nautilus breached its contract of insurance by failing to promptly, fully and fairly evaluate the School District's claims and by failing to act in good faith and effectual a prompt, fair and equitable settlement of the School District's claim, despite its clear liability under the Policy, and the admitted liability of its other insured, White Brothers. (Complaint ¶¶60 and 63).

6.     Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself.   Count II of the Complaint avers that Nautilus acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School District's claim despite its clear liability under the Policy; Nautilus's conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Nautilus was concerned that if it admitted liability for the School District's damages it would expose Nautilus to liability to other insureds for damages

caused by water infiltration and mold, which liability Nautilus wanted to avoid, and thus it

denied the School District benefits; and Nautilus did not have a reasonable basis for

denying benefits under the Policy and it knew of or recklessly disregarded its lack of

reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

## COUNT I

7.    No response required.  The School District hereby incorporates by reference the foregoing

paragraphs as if set forth at length herein.

8.    Denied.  The School District incorporates its response to paragraph 2 above.

9.    Denied.  The School District is an insured under the Policy.  (See Exhibit "B" hereto).

The Certificate of Insurance provides as follows:

**ADDITIONAL INSUREDS AS RESPECTS NAMED INSD OPRATIONS
[sic]: BETHLEHEM AREA SCHOOL DISTRICT AND D'HUY
ENGINEERING INC.**

Further, attached hereto as Exhibit "C" is a second Certificate of Insurance produced by

Nautilus in this litigation which also states that the School District is an additional insured on the

insurance policies issued to White Brothers by Scottsdale and Nautilus for the period covering

2001-2002.   Both Certificates of Insurance are consistent with the obligation assumed by White

Brothers in its Contract with the School District.  The Contract required White Brothers to

include the School District as an additional insured on all liability insurance policies it obtained

regarding the Freemansburg Elementary School project.  (See Exhibit "A", Contract at p. 00700-

16, §5.04(B)(1) and p. SGC-2, §5.04A7).  Moreover, the language contained on the Certificates

of Insurance attached hereto as Exhibits "B" and "C" evidences to those in the insurance industry,

that the School District is an additional insured under the Policy. (See Report of Armando M.

Castellini, attached hereto as Exhibit "D").

10.     Denied as a conclusion of law to which no response is required.  The School District

incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary

Judgment.

11.     Denied.  As evidenced by the Certificates of Insurance attached hereto as Exhibits "B" and

"C", the School District is an additional insured on the Policy.   Nautilus has failed to offer

any evidence by way of affidavit, discovery responses or otherwise, in support of its

Motion for Summary Judgment which contradicts the factual admission set forth in the

Certificates and/or which creates an issue of material fact as to the School District's status

as an insured.  Nautilus also failed to attach a copy of the Policy to its Motion.

12.     Denied.  The School District is an additional insured under the Policy, and thus, the Policy

was intended to benefit the School District.

13.     Denied for the reasons set forth above.

14.     Denied as a conclusion of law to which no response is required.  The School District

incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary

Judgment.

15.     Denied.  The School District has done more than aver it is an insured under the Policy.

The School District has attached a Certificate of Insurance to its Complaint which

Certificate evidences that it is an additional insured under the Policy. (See Exhibit "B" to

the Complaint and Exhibit "B" hereto).  The School District has further attached hereto as

Exhibit "C" another Certificate of Insurance produced by Nautilus naming it as an

additional insured under the Policy.  The School District has also provided a report of an

insurance industry expert, Armando Castellini. (See Exhibit "D" hereto). Mr. Castellini confirms that the Certificates of Insurance attached hereto as Exhibits "B" and "C" evidence, to those in the insurance industry, that the School District is an additional insured under the Policy. Nautilus has failed to offer any evidence in support of its Motion for Summary Judgment which contradicts these facts and/or which creates an issue of material fact as to the School District's status as an insured.

16.    Denied.   The School District is not asking the Court to engage in contract interpretation and determine the meaning of the term "insured" as it is used in the Policy, as a matter of law.  Rather, the School District has averred a fact: It is an insured.   The School District has supported that factual averment with evidence demonstrating its status as an insured including, two Certificates of Insurance, the particular terms of the Contract between White Brothers and the School District, and an expert report.  Nautilus has done nothing to refute this fact other than to aver that the School District is not named or referenced in the Policy.  Nautilus has not addressed the Certificate of Insurance and has not by way of affidavit, discovery responses or otherwise provided evidence to support its denial of the School District's averment that it is an insured.

17.    Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself.   Count II of the Complaint avers that Nautilus acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School

district's claim despite its clear liability under the Policy; Nautilus' conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Nautilus was concerned that if it admitted liability for the School District's damages it would expose Nautilus to liability to other insureds for damages caused by water infiltration and mold which liability Nautilus wanted to avoid, and thus Nautilus denied the School District benefits; and Nautilus did not have a reasonable basis for denying benefits under the Policy and it knew of or recklessly disregarded its lack of reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

18.    Denied as a conclusion of law to which no response is required.   The School District incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment.  To the extent deemed factual, the School District incorporates paragraphs 9, 11 and 15 above.

19.    Denied as a conclusion of law to which no response is required.   The School District incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment.  By way of further answer, for the reasons set forth above, the School District is an insured under the Policy.

20.    Denied as a conclusion of law to which no response is required.

WHEREFORE, plaintiff, Bethlehem Area School District requests that this Court deny defendant, Nautilus Insurance Company's Motion for Summary Judgment or, in the alternative, continue the Motion to allow plaintiff sufficient time to complete discovery on the issues raised in the Motion.

**COUNT II**

21.     No response required.  The School District hereby incorporates by reference the foregoing paragraphs as if set forth at length herein.

22.     Denied as a conclusion of law to which no response is required, and for the reasons set forth above.   The School District incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment.  Denied further, in that the School District has asserted first party claims of breach of contract and bad faith insurance practices pursuant to 42 Pa.C.S.A. §8371 against Nautilus in this action.  The questions raised are whether Nautilus had a duty to provide the benefits of the Policy to the School District, and thus its refusal to do so constitutes a breach of the terms of the Policy, and whether in so refusing the School District the benefits of the Policy, Nautilus acted in bad faith as that term is utilized in 42 Pa.C.S.A. §8371.

        Although White Brothers is also an insured under the Policy, it has absolutely no rights or interests at stake in the resolution of the School District's claims such that justice could not be done without its presence.  While White Brothers may have similar claims against Nautilus based upon its status as an insured and may be concerned with the rulings in this case, that does not create a right or interest essential to the merits of this dispute and to White Brothers' due process rights such that White Brothers must be a party of record in order to be adequately protected.  White Brothers is not an indispensable party to this action.

23.     Denied as a conclusion of law to which no response is required, and for the reasons set forth above.   The School District incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment.

24.     Denied as a conclusion of law to which no response is required.   The School District

incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment.

WHEREFORE, plaintiff, Bethlehem Area School District requests that this Court deny defendant, Nautilus Insurance Company's Motion for Summary Judgment or, in the alternative, continue the Motion to allow plaintiff sufficient time to complete discovery on the issues raised in the Motion.

## COUNT III

25.    No response required.  The School District hereby incorporates by reference the foregoing paragraphs as if set forth at length herein.

26.    Denied, in that the averments of the corresponding paragraph attempt to characterize the provisions of the Complaint, a document of record that speaks for itself.   Count II of the Complaint avers that Nautilus acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; it did not attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School district's claim despite its clear liability under the Policy; Nautilus' conduct imported a dishonest purpose and was a breach of a known duty motivated by self-interest and ill will in that, *inter alia*, Nautilus was concerned that if it admitted liability for the School District's damages it would expose Nautilus to liability to other insureds for damages caused by water infiltration and mold which liability Nautilus wanted to avoid, and thus it denied the School District benefits; and Nautilus did not have a reasonable basis for denying benefits under the Policy and it knew of or recklessly disregarded its lack of

reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

27.     Denied as a conclusion of law to which no response is required, and for the reasons set
        forth above.   The School District incorporates herein by reference its Brief in Opposition
        to Nautilus' Motion for Summary Judgment.

28.     Denied as a conclusion of law to which no response is required, and for the reasons set
        forth above.   The School District incorporates herein by reference its Brief in Opposition
        to Nautilus' Motion for Summary Judgment.

29.     Denied as a conclusion of law to which no response is required, and for the reasons set
        forth above.   The School District incorporates herein by reference its Brief in Opposition
        to Nautilus' Motion for Summary Judgment.

30.     Denied, in that the averments of the corresponding paragraph attempt to characterize the
        provisions of the Complaint, a document of record that speaks for itself.   Count II of the
        Complaint avers that Nautilus acted in bad faith pursuant to 42 Pa.C.S.A. §8371 in that it
        had no reasonable basis for its evaluation and valuation of the School District's claim and
        was not properly informed of the extent of the School District's injuries; it did not
        attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School
        district's claim despite its clear liability under the Policy; Nautilus' conduct imported a
        dishonest purpose and was a breach of a known duty motivated by self-interest and ill will
        in that, *inter alia*, Nautilus was concerned that if it admitted liability for the School
        District's damages it would expose Nautilus to liability to other insureds for damages
        caused by water infiltration and mold which liability Nautilus wanted to avoid, and thus
        Nautilus denied the School District benefits; and Nautilus did not have a reasonable basis

for denying benefits under the Policy and it knew of or recklessly disregarded its lack of reasonable basis in denying the School District's claims. (Complaint ¶¶67-70).

31.    Denied as a conclusion of law to which no response is required, and for the reasons set forth above.

32.    Denied as a conclusion of law to which no response is required, and for the reasons set forth above. The School District incorporates herein by reference its Brief in Opposition to Nautilus' Motion for Summary Judgment. By way of further answer, the School District requires additional time to complete discovery to supplement its answer to the Motion for Summary Judgment as set forth in the Affidavit of Paul A. Logan, Esquire attached hereto as Exhibit "F".

WHEREFORE, plaintiff, Bethlehem Area School District requests that this Court deny defendant, Nautilus Insurance Company's Motion for Summary Judgment or, in the alternative, continue the Motion to allow plaintiff sufficient time to complete discovery on the issues raised in the Motion.

POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN &LOMBARDO, P.C.


By: _____

Dated: September    , 2003                    Paul A. Logan
                                             Mary J. Pedersen
                                             Attorney for Plaintiffs
                                             Bethlehem Area School District

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | : | |
| | : | |
| v. | : | |
| | : | |
| NAUTILUS INSURANCE COMPANY | : | NO. 02-CV-4033 |
| | : | |
| and | : | |
| | : | |
| SCOTTSDALE INSURANCE COMPANY | : | |

**ORDER**

AND NOW, this      day of               , 2003, upon consideration of the Motion

for Summary Judgment of Defendant Nautilus Insurance Company and the response thereto, it is

hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____

                                                              J.

KOP:259408v1 4461-02

## CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiff certifies that a true and correct copy of the foregoing Plaintiff Bethlehem Area School District's Answer to Nautilus Insurance Company's Motion for Summary Judgment was served upon the following by U.S. Mail, postage prepaid, at the addresses below on the date set forth below.

Kathleen K. Barksdale, Esquire
John Churchman Smith & Associates, P.C.
117-119 North Olive Street
P. O. Box 229
Media, PA 19063
Attorney for Defendant Nautilus Insurance Company

Scott J. Tredwell, Esquire
Swartz, Campbell & Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
Attorney for Defendant Scottsdale Insurance Co.

**POWELL, TRACHTMAN, LOGAN,
CARRLE, BOWMAN & LOMBARDO, P.C.**

Date: September      , 2003          By: _____
                                              Paul A. Logan
                                              Mary J. Pedersen

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, counsel for Plaintiff certifies that a true and correct copy of the

foregoing Plaintiff Bethlehem Area School District's Brief in Opposition to Nautilus Insurance

Company's Motion for Summary Judgment was served  upon the following by U.S. Mail,

postage prepaid, at the addresses below on the date set forth below.

Stuart S. Smith, Esquire
Kathleen Barksdale, Esquire
John Churchman Smith & Associates, P.C.
117-119 North Olive Street
P. O. Box 229
Media, PA 19063
Attorney for Defendant Nautilus Insurance Company

Scott J. Tredwell, Esquire
Swartz, Campbell & Detweiler
1601 Market Street
34th Floor
Philadelphia, PA 19103-2316
Attorney for Defendant Scottsdale Insurance Co.

**POWELL, TRACHTMAN, LOGAN,
CARRLE,  BOWMAN & LOMBARDO, P.C.**

Date: September      , 2003          By: _____
                                            Paul A. Logan
                                            Mary J. Pedersen