IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT : | |
| : | |
| v. : | |
| : | |
| NAUTILUS INSURANCE COMPANY : | NO. 02-CV-4033 |
| : | |
| and : | |
| : | |
| SCOTTSDALE INSURANCE COMPANY : | |

**PLAINTIFF BETHLEHEM AREA SCHOOL DISTRICT'S BRIEF IN OPPOSITION TO NAUTILUS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

**I.     STATEMENT OF FACTS**

Plaintiff, Bethlehem Area School District, (the "School District") is a governmental, political subdivision of the Commonwealth of Pennsylvania, cloaked with the rights and duties of the Commonwealth as delegated by the legislature.  Pursuant to the Public School Code of 1949, as amended, the School District was required to establish, equip, furnish, and maintain a sufficient number of, *inter alia*, elementary public schools, in compliance with the provisions of the Public School Code, to educate persons residing within the district. (Complaint, ¶5).   In furtherance of the legal imperative of the Public School Code, the School District erected and thereafter maintained, *inter alia*, the Freemansburg Elementary School to provide educational and other opportunities to children and residents in the local community. (Complaint, ¶6).

Prior to June, 2000, in furtherance of its preventive maintenance programs, the School District scheduled the replacement of a portion of the roof shortly after the expiration of the warranty. (Complaint, ¶15).   In order to minimize the disruption to the programs at the

KOP:259416v1 4461-02

Freemansburg Elementary School, the construction was scheduled to begin and be completed within the summer vacation period, but within sufficient time, and limited to specific sections of the school roof, so that the summer programs and use of the school's facilities could continue without substantial interruption. (Complaint, ¶16).

In accordance with the public bidding laws, the School District advertized for competitive bids for the roof project and received sealed bids for the work. (Complaint, ¶17). Pursuant to competitive bidding, White Brothers Construction Co., Inc. ("White Brothers") was determined to be the lowest responsive, responsible bidder and was awarded the contract for the replacement of the existing roof and installation of a new modified roofing system at, *inter alia*, the Freemansburg Elementary School (the "Contract"). (Complaint, ¶18). The Contract for the work by White Brothers was in furtherance of the School District's preventive maintenance program, instituted to prevent leaks and to avoid damage to the school. (Complaint ¶25).

Pursuant to the Contract, White Brothers was required to obtain insurance and include the School District as a named insured on the policies it obtained. (See Exhibit "A" to the School District's Answer to Nautilus' Motion for Summary Judgment which contains the relevant portions of the Contract wherein this requirement is contained; see specifically p. 00700-16, §5.04(B)(1) and p. SGC-2, §5.04A7). Pursuant to its obligations under the Contract, White Brothers procured policies from defendants Nautilus Insurance Company ("Nautilus") and Scottsdale Insurance Company ("Scottsdale") which policies, as evidenced by the Certificate of Insurance, included the School District as an additional insured. (See Exhibit "B" to the Complaint, attached as Exhibit "B" to the School District's Answer to Nautilus' Motion for Summary Judgment).

In or about June, 2000, White Brothers commenced work over the west wing of the Freemansburg Elementary School. (Complaint ¶26). In performing the work under the Contract White Brothers, and its subcontractors, negligently and without regard to the preservation of the integrity of the roof and drainage systems, destroyed the integrity of the roof and drainage systems without taking protective measures to prevent water infiltration into the building and systems, blocked off roof drains, and changed the surface drainage system on the roof of the Freemansburg Elementary School which resulted in the accumulation of water which water infiltrated into the Freemansburg Elementary School. (Complaint ¶32).

On or about July 10, 2000, the School District, through its consulting engineer, observed that weekend rains had infiltrated into the Freemansburg Elementary School in areas at or near roof drain locations, fastener locations and at other areas of the roof which had been altered and/or left unprotected by White Brothers, and its subcontractors, from rain. Despite being advised and directed to take further and immediate action to protect the area by the School District, White Brothers failed to do so and on or about July 17, 2000, rainwater again accumulated on the roof of the Freemansburg Elementary School. (Complaint ¶¶33-37).

Shortly after the cessation of the second rain, representatives of the School District inspected the activities of White Brothers and its subcontractors at the Freemansburg Elementary School and observed that White Brothers and/or its subcontractors had installed plugs in the roof drains causing additional backup of water on the roof and a second infiltration of water into the Elementary School. (Complaint ¶38). Despite being advised and directed to take further and immediate action to protect the area by the School District, White Brothers again failed to do so and on or about July 19, 2000, shortly after the third rain event, the School District discovered a

third occurrence of water infiltration into the Freemansburg Elementary School. (Complaint ¶¶39-42).

As a result of the water infiltration, mold developed and spread throughout the Freemansburg Elementary School through, *inter alia*, the corridors and air plenum systems. (Complaint ¶¶49-52). Water damage and mold and mildew were discovered in virtually all areas of the Freemansburg Elementary School including, but not limited to, the roof deck, ceiling tiles, in cabinets, within wall spaces and on books and school supplies. (Complaint ¶53).

The School District advised White Brothers of the conditions and, on or after August 8, 2000, White Brothers admitted liability for the damages caused by the mold. (Complaint ¶¶54-55; see also Exhibit "E" to the School District's Answer to Nautilus' Motion for Summary Judgment, Letter by White Brothers dated July 26, 2000). White Brothers attempted unsuccessfully and inadequately to clean up areas of mold. (Complaint ¶¶54-55). In the July 26, 2000 letter from White Brothers to the project engineer White Brothers advises that it has inspected the school and was providing a "detailed list of damages, with responsible party, that we have observed during our inspection." (See Exhibit "E"). The letter identifies White Brothers or its subcontractor, for whom it is responsible, as the *responsible party* for the damages to the school caused by the water infiltration and mold.

The School District provided notice to Nautilus and Scottsdale of its claim under the insurance policies. (Complaint ¶56). However, despite White Brothers admission of liability and the fact that the School District is an additional insured, neither Nautilus nor Scottsdale took any steps to honor their obligations to the School District under the policies. (Complaint ¶57).

On May 29, 2002, the School District initiated this action in the Court of Common Pleas

of Northampton County against Scottsdale and Nautilus asserting claims of breach of contract and bad faith pursuant to 42 Pa.C.S.A. §8371.  On or about June 24, 2002, Nautilus filed a Petition and Notice of Removal of the action to this Court.  On July 12, 2002, Nautilus advised the Court that Scottsdale joined in its request for removal.

Nautilus has now filed a Motion for Summary Judgment contending that: 1) the School District lacks standing to pursue this action; 2) White Brothers is an indispensable party; and 3) the Complaint fails to plead Count II, bad faith, with sufficient specificity.  The School District files this Brief in opposition to Nautilus' Motion and requests that this Court deny the Motion for the reasons set forth in the School District's Answer and Brief or, in the alternative, that the Court continue the Motion for a period of 90 days so that the School District may complete discovery related to the issues raised in the Motion.

## II.   ARGUMENT

### A.   Standard for Summary Judgment

When considering a motion for summary judgment, the record and all inferences must be drawn and all doubts resolved in favor of the non-moving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962); <u>Gans v. Mundy</u>, 762 F.2d 338 (3d Cir. 1985).  The party moving for summary judgment has the burden of showing the complete absence of any genuine issue of material fact as to all the material facts which under applicable principles of substantive law entitle him to judgment in his favor as a matter of law.  <u>Commerce Oil Refining Corporation, v. Miner</u>, 22 F.R.D. 5 (Dist. R.I. 1958); see also, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  The non-moving party must only demonstrate the existence of evidence that would support a jury finding in its favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

**B.     The School District Has Standing to Bring this Action**

Nautilus Motion begins with a false factual premise, that the School District is not an insured under the Policy and thus must establish that it is a third party beneficiary in order to assert its claims. In making this statement, Nautilus fails to attach the Policy to its Motion for Summary Judgment, the Certificate of Insurance, or even an Affidavit supporting its position. Ignoring this defect for the moment, Nautilus' argument fails for another reason, it is simply incorrect.

Nautilus states that "plaintiff presents no factual averments or evidence that it is an insured under the policy between defendant, Nautilus Insurance Company and White Brothers." (Nautilus' Brief p. 3). Nothing could be further from the truth. The School District has averred that it is an insured. This is a factual averment as the School District is not asking the Court to interpret of the language of the insurance policy. In response to this averment, Nautilus has done nothing except simply deny it. On a Motion for Summary Judgment, the plaintiff's averments of fact are taken as true and it is the burden of the moving party to establish that there is no issue of fact and it is entitled to judgment as a matter of law. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962); <u>Gans v. Mundy</u>, 762 F.2d 338 (3d Cir. 1985); <u>Commerce Oil Refining Corporation, v. Miner</u>, 22 F.R.D. 5 (Dist. R.I. 1958); see also, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Nautilus has not met this burden, much less attempted to meet it.

Further, the School District has presented evidence supporting its factual assertion that it is an insured under the Policy. The School District attached to the Complaint, as Exhibit "A", a Certificate of Insurance which identifies it as an additional insured under the Policy. That Certificate provides as follows:

> "ADDITIONAL INSUREDS AS RESPECTS NAMED INSD OPRATIONS [sic]: BETHLEHEM AREA SCHOOL DISTRICT AND D'HUY ENGINEERING INC."

Nautilus has offered no evidence rebutting the factual admission contained in the Certificate. Instead, Nautilus completely ignores the significance the above quoted provision of the Certificate of Insurance.

Moreover, attached to the School District's Answer to Nautilus' Motion as Exhibit "C" is a second Certificate of Insurance which was produced *by Nautilus* in this case in discovery. This Certificate also identifies the School District is an additional insured on the insurance policies issued to White Brothers by Scottsdale and Nautilus for the period covering 2001-2002. Both Certificates of Insurance are consistent with the obligation assumed by White Brothers in its Contract with the School District. The Contract required White Brothers to include the School District as an additional insured on all liability insurance policies it obtained regarding the Freemansburg Elementary School project. See Contract p. 00700-16, §5.04(B)(1) and p. SGC-2, §5.04A7, attached to the School District's Answer to Nautilus' Motion for Summary Judgment as Exhibit "A."

Should there be any argument as to the meaning of the language contained in the Certificates of Insurance to those in the insurance industry, attached to the School District's Answer to Nautilus' Motion as Exhibit "D" is the report and curriculum vitae of Armando M. Castellini, an expert in the insurance industry. Mr. Castellini has worked in the insurance industry for over 40 years and has extensive knowledge of the practices of that industry. In his report Mr. Castellini states that he has reviewed the Certificates of Insurance and the pertinent language of the Contract, and that in his professional opinion the language of the Certificates

would be interpreted by those in the insurance industry as affording the School District the status of an additional insured under the policies identified therein. (See Exhibit "D").

Construing all of these documents together, guided by the premise that the record and all inferences must be drawn and all doubts resolved in favor of the School District, it must be concluded that the School District has demonstrated that it is an insured under the Policy, and thus has standing to pursue this litigation. Nautilus has provided absolutely no evidence by way of affidavit, answers to discovery, or otherwise which creates an issue of fact as to the School District's status as an insured under the Policy. Accordingly, Nautilus' Motion should be denied.

### C. White Brothers Is Not an Indispensable Party to this Action

Under Pennsylvania law, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction. Cry, Inc. v. Mill Service, Inc., 536 Pa. 462, 640 A.2d 372, 375 (1994). The basic inquiry in determining whether a party is indispensable is whether justice can be done in the absence of a third party. Id. at 375. In determining whether a party is indispensable, at a minimum, the following factors should be considered: 1) whether the absent parties have a right or interest related to the claim; 2) if so, what is the nature of that right; 3) is that right or interest essential to the merits of the issue; and 4) can justice be afforded without violating the due process rights of the absent parties. Mechanicsburg Area School District v. Kline, 494 Pa. 476, 431 A.2d 953, 956 (1981). Consideration of these factors establishes, without a doubt, that White Brothers is *not* an indispensable party to this action.

First, Nautilus asserts that the School District has a tort claim against White Brothers for

the alleged damage to the school and thus it is an indispensable party to this action. Aside from making the general statement, Nautilus has failed to explain why it believes this makes White Brothers an indispensable party. That fact that the School District may have separate claims against White Brothers for the damages does not prevent the School District from pursuing its rights against Nautilus and Scottsdale as an insured under the insurance policies they issued. The rights and remedies that the School District has against White Brothers are separate and distinct from its rights and remedies against Nautilus and Scottsdale.

Second, Nautilus simply states that "White Brothers has an interest in the claim which is essential to both due process and the merits of the case." (Nautilus' Brief, p. 4). Nautilus neglects to advise exactly what that interest is and how it makes White Brothers a necessary party. Perhaps that is because no such right or interest exists.

The School District has asserted first party claims of breach of contract and bad faith insurance practices pursuant to 42 Pa.C.S.A. §8371 against Nautilus. The questions raised are whether Nautilus had a duty to provide the benefits of the Policy to the School District, and thus its refusal to do so constitutes a breach of the terms of the Policy, and whether in so refusing the School District the benefits of the Policy, Scottsdale acted in bad faith as that term is utilized in 42 Pa.C.S.A. §8371. Although White Brothers is also an insured under the Policy, it has absolutely no rights or interests at stake in the resolution of the School District's claims such that justice could not be done without its presence. While White Brothers may have similar claims against Nautilus based upon its status as an insured, and may be concerned with the rulings in this case, that alone does not create a right or interest essential to the merits of this dispute or to White Brothers' due process rights such that White Brothers must be a party to this proceeding.

Accordingly, White Brothers is not an indispensable party and the Motion to dismiss on this basis should be denied.[1]

### D. The Complaint Pleads a Claim for Bad Faith Under 42 Pa.C.S.A. §8371

Nautilus' last argument is that Count II, alleging bad faith under §8371, is insufficiently specific, and thus fails to state a cause of action upon which relief can be granted. (See, Nautilus' Brief pp. 4-5). Nautilus' motion for summary judgment on this point is more properly treated as a motion to dismiss. See, Commerce Oil Refining Corporation v. Miner, 22 F.R.D. 5, 9 (Dist. R.I. 1958) (finding that summary judgment motion alleging failure to state a claim upon which relief can be granted is in effect a motion to dismiss under Fed.R.Civ.P. 12). On a motion to dismiss the Court is required to accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. Adams v. Allstate Insurance Company, 97 F.Supp. 2d 657 (E.D. Pa. 2000). Dismissal for failure to state a claim upon which relief can be granted is therefore limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations asserted. Id. at 657 and 658.

Bad faith in the insurance context means "any frivolous or unfounded refusal [on the part of an insurer] to pay proceeds of a policy; *it is not necessary that such refusal be fraudulent.* For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing) through some motive of self-interest or ill will . . . ." (emphasis added). Terletsky v. Prudential Property

---

[1]To the extent the Court finds that White Brothers is indispensable to this litigation, the proper course of action would be to permit the School District to amend its Complaint and join White Brothers to its claims.

and Casualty Insurance Company, 649 A.2d 680, 688 (1994); CertainTeed Corporation v. Federal Insurance Co., 913 F.Supp. 351, 360 (E.D. Pa. 1995). The Third Circuit has explicitly rejected any requirement that an insurer must have been motivated by an improper purpose such as ill will or self interest. Perchav v. USF Insurance Co., 1999 U.S. Dist. Lexis 3334, *10 (E.D. Pa. 1999), citing Klinger v. State Farm Mut. Auto Ins. Co., 115 F.3d 230, 233-34 (3d Cir. 1997). Thus, a plaintiff must only show the insurance company's actions were frivolous or unfounded.

Further, bad faith claims have been expanded beyond a bad faith refusal to pay a claim and can include such things as misrepresenting pertinent facts or policy or contract provisions relating to coverages as issue; failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; and not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which the company's liability under the policy has become reasonably clear. CertainTeed, 913 F.Supp. at 361, n. 15.

In pleading any of the above acts constituting bad faith, the School District need only comply with Fed.R.Civ.P. 8 which requires only a short plain statement of the claim showing that the pleader is entitled to relief. The Supreme Court has set out the proper role of pleadings in the federal courts:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. The Federal Rules reject the approach that pleading is a game of skill in

> which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Weston v. Commonwealth of Pennsylvania d/b/a Department of Corrections, 251 F.3d 420, 429 (3d Cir. 2001), quoting Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103, 2 L.Ed. 2d 80 (1957).

The School District's Complaint clearly meets the federal pleading requirements of Rule 8. The School District avers that due to the acts and/or omissions of White Brothers in the performance of its duties, the Freemansburg Elementary School suffered substantial damages due to water infiltration and mold. The School District has averred that White Brothers is an insured under the Policy and that the School District is an additional insured under the Policy. (Complaint ¶¶20, 21 and 23). The School District avers that White Brothers has admitted liability for the damages caused by the water and mold. (Complaint ¶¶55, 56; see also Exhibit "E" to the School District's Answer to Nautilus' Motion for Summary Judgment). The School District provided notice to Nautilus and Scottsdale of its claims and yet they were denied. (Complaint ¶¶55, 56). The School District further avers that: Nautilus had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries (Complaint ¶67); Nautilus failed to attempt, in good faith, to effectual a prompt, fair and equitable settlement of the School District's claim despite its clear liability under the policy (Complaint ¶68); Nautilus did not have a reasonable basis for denying benefits under the policy and knew or recklessly disregarded its lack of reasonable basis in denying the School District's claims (Complaint ¶70); and that Nautilus was motivated by self-interest and/or ill will as it was concerned that its admission of liability to the School District for the damages sustained by the School District would expose Nautilus and Scottsdale to liability to other insureds for

damages caused by water infiltration and mold and thus, it denied the School District benefits. (Complaint ¶69). These averments more than adequately give Nautilus fair notice of the nature of the School District's claim in Count II and the grounds upon which it rests and set forth a cause of action for bad faith under 42 Pa.C.S.A. §8371. Accordingly, the Motion to dismiss Count II should be denied.

To the extent that the Court treats Nautilus' Motion on this issue as one for summary judgment, the Motion should still be denied. The School District has alleged that White Brothers, an admitted insured under the Policy, admitted liability for the damages to the school. The School District has attached to its Motion documentary evidence from White Brothers wherein this admission is contained. (See Exhibit "E"). The School District has also alleged that Nautilus had no reasonable basis for its evaluation and valuation of the School District's claim and was not properly informed of the extent of the School District's injuries; failed to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of the School District's claim; did not have a reasonable basis for denying benefits under the Policy; and that Nautilus denied the benefits because it did not want to expose itself to claims based upon property or personal injury damages caused by mold. The School District has bolstered its bad faith claim with the report of an expert who opines that his review of the Certificates of Insurance make clear that the School District is an additional insured under the Nautilus Policy. Nautilus does not dispute any of the foregoing allegations, or offer any explanation to contradict the language in its own Certificates of Insurance. Rather, it simply avers, without any supporting affidavit, discovery answers, etc., that they do not state a claim of bad faith. Nautilus has failed to meet its burden on its motion for summary judgment of showing the absence of a genuine issue of material fact as to its bad faith

handling of the School District's claim, and thus its Motion should be denied.[2]

### E. Summary Judgment Is Premature as Discovery Is Not Complete

Summary judgment is premature at this stage in the litigation and should be denied. There are currently three other actions pending in this Court and in the Court of Common Pleas of Northampton County all of which arise from the same facts and circumstances as the current action. Those actions are captioned as follows: 1) <u>Bethlehem Area School District v. Commonwealth Insurance Company</u>, Northampton County Court of Common Pleas No. C0048CV2002004127; 2) <u>Bethlehem Area School District v. Zurich Group, Zurich U.S. and The Maryland Commercial Insurance Group and Valiant Insurance Company</u>, U.S. District Court for the Eastern District of Pennsylvania No. 02-CV-06881; and 3) <u>Bethlehem Area School District v. White Brothers Construction Company, Inc., Joseph Miorelli & Company, Inc. and Shippe Mechanical, Inc.</u>, Northampton County Court of Common Pleas No. C0048CV2002200968.

On May 8, 2003, this Court entered an Order postponing the final pretrial and settlement conferences as well as the trial date so that the parties could propose a new schedule to reflect the timing of necessary coordinated discovery and the possible consolidation of the two cases pending in this District. The School District is working with the defendants in this and the other actions mentioned above to consolidate certain aspects of these actions for purposes of discovery, and perhaps trial, where possible. As a result of the School District's attempts to coordinate discovery and other aspects of the four actions, the School District has not completed discovery

---

[2] In the alternative, the School District requests a continuance of the Motion as it requires additional time to complete discovery on the issue of Nautilus' bad faith. (See Affidavit of Paul A. Logan attached to the School District's Answer to Nautilus' Motion for Summary Judgment as Exhibit "F").

in this case. (See Affidavit of Paul A. Logan, attached to the School District's Answer to Nautilus' Motion for Summary Judgment as Exhibit "F").

The federal courts have held that it is error to grant summary judgment to a defendant until a plaintiff has been given a reasonable opportunity to complete the discovery it seeks. <u>Penn Galvanizing Company v. Lukens Steel Company</u>, 59 F.R.D. 74, 80 (E.D.Pa.1973) (citations omitted). This is especially true where, as here, material facts and documents are in the possession of the moving party, Nautilus.

Cases addressing the issue have found that, under such circumstances, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course. <u>Costlow v. U.S.</u>, 552 F.2d 560, 564 (3d Cir. 1977). For cases declining to grant summary judgment on the basis that discovery was still outstanding, <u>see</u> <u>e.g.</u>, <u>Tabas v. Tabas</u>, 47 F.3d 1280, 1297 (3d Cir. 1995) (finding that since plaintiffs sought to take additional depositions that could have a substantial bearing upon issues raised in the motion, summary judgment as to those particular issues was premature and would not be considered); <u>Miller v. Beneficial Management Corp.</u>, 977 F.2d 834 (3d Cir. 1992) (holding that since discovery pertinent to the issues raised on the motion remained to be completed, the motion had been filed prematurely by the defendants and should be denied); and <u>Sames v. Gable</u>, 732 F.2d 49 (3d Cir. 1984) (holding it was error for district court to grant summary judgment while pertinent discovery requests were outstanding). Further, the Federal Rules of Civil Procedure expressly provide that a court may deny summary judgment or order a continuance if the nonmoving party necessitates further discovery in order to respond to the Motion. <u>See</u> Fed.R.Civ.P. 56(f).

In this case, for instance, the School District asserts a claim against Nautilus for bad faith

pursuant to §8371. Nautilus has never provided an explanation as to why, in the face of admission of liability by White Brothers, it refuses to provide the School District with the benefits of the Policy. Facts and documents relating to the School District's claim of bad faith are in the possession of Nautilus. The School District has not yet obtained all of the relevant documents from Nautilus or deposed fundamental witnesses including those individuals at Nautilus who made the decision to deny benefits to the School District under the Policy. There are also other critical witnesses from whom discovery has not yet been obtained, including the insurance agent for White Brothers who was responsible for obtaining the Policy and the insurance agent for Scottsdale and Nautilus, and the insurance adjuster for the claims. The School District requires additional time to complete that discovery in order to further respond to Nautilus' Motion.

Accordingly, Nautilus' motion is premature and should be denied. In the alternative, the Motion should be continued so that the School District can complete the discovery relative to Nautilus' Motion.

### III.    CONCLUSION

For the foregoing reasons, plaintiff, Bethlehem Area School District requests that this Court denying defendant Nautilus Insurance Company's Motion for Summary Judgment and

award such other relief as deemed appropriate.

**POWELL, TRACHTMAN, LOGAN, CARRLE**

                                                  **BOWMAN & LOMBARDO, P.C.**

                                     By: _____
                                                  Paul A. Logan
                                                  Mary J. Pedersen
                                                  Attorney for Plaintiff
                                                  Bethlehem Area School District

Date: September ___, 2003