## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | ) ) ) | |
| v. | ) ) | No. 02-CV-4033 |
| NAUTILUS INSURANCE COMPANY | ) ) ) | |
| and | ) ) ) | |
| SCOTTSDALE INSURANCE COMPANY | ) ) | |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

1. Admitted in part. Denied in part. This averment is admitted to the extent that the information provided concerning plaintiff's administrative office address. The remainder of the averment is denied as a conclusion of law to which no responsive pleading is required.

2. Admitted, upon information and belief.

3. Admitted.

4. Admitted, upon information and belief.

5. Denied as a conclusion of law to which no responsive pleading is required.

6. Denied as a conclusion of law to which no responsive pleading is required.

7. Denied as a conclusion of law to which no responsive pleading is required.

8. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averments contained in this paragraph. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

9. Denied as a conclusion of law to which no responsive pleading is required. Further, to the extent that the averment, or any part thereof, is deemed factual, answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

10. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

11. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

12. Denied as a conclusion of law to which no responsive pleading is required.

13. Denied as a conclusion of law to which no responsive pleading is required. Further, it is denied that answering defendant suffered any damages as the result of any unlawful, reckless, negligent and/or any other liability producing conduct of the answering defendant.

14. Denied as a conclusion of law to which no responsive pleading is required. Further, to the extent that the averment, or any part thereof, is deemed

factual, answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

15. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

16. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

17. Denied as a conclusion of law to which no responsive pleading is required. Further, to the extent that the averment, or any part thereof, is deemed factual, answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

18. Denied as a conclusion of law to which no responsive pleading is required. Further, to the extent that the averment, or any part thereof, is deemed factual, answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

19. Denied. The answering defendant does not have a full copy of the contract.

20. Admitted in part; denied in part. It is admitted that there existed in full force and effect a policy of Umbrella Liability Insurance issued by the defendant, Scottsdale Insurance Company, to White Brothers Construction, Inc.

21. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required.

22. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required.

23. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required.

24. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

25. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

26. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

27. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

28. Denied. Answering defendant is without information sufficient to form

a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    29.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    30.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    31.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    32.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    33.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    34.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

    35.    Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied.

Strict proof thereof is demanded at trial, if material.

36. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

37. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

38. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

39. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

40. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

41. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

42. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

43. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

44. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

45. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

46. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

47. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

48. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

49. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

50. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

51. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

52. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

53. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

54. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

55. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

56. Denied as stated. It is denied that any legal notice of any covered claim was ever provided to the defendant, Scottsdale Insurance Company.

57. Denied. It is denied that at any time material hereto the answering defendant had any obligations to the plaintiff, the School District. On the contrary,

the plaintiff, the School District is a third-party stranger to the insurance contracts at issue.

58. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required. To the extent these are factual in nature, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

59. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required. To the extent these are factual in nature, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

## COUNT II
## THE BETHLEHEM AREA SCHOOL DISTRICT VERSUS NAUTILUS AND SCOTTSDALE, BREACH OF CONTRACT

60. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required. By way of further answer, it is denied that at any time material hereto the answering defendant had any obligations to the plaintiff, the School District. On the contrary, the plaintiff, the School District is a third-party stranger to the insurance contracts at issue.

61. Denied. The averments contained in this paragraph are denied as conclusions of law to which no further response is required.

62. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material.

63. Denied. It is denied that the answering defendant in any way had any duty, good faith or otherwise, to effect any prompt or fair or equitable settlement of any claim an therein. On the contrary, the School District is a third-party stranger to the contract. Therefore, there is no standing to assert any claims such as those raised herein.

64. Denied. It is denied that the answering defendant in any way breached the insurance contract. It is further denied that the answering defendant was in any way compelled by the instant litigation. There is no claim for recovery of any benefits under the policy in questions which can be made available herein.

65. Denied. Answering defendant is without information sufficient to form a belief as to the truth of the averment. Therefore, these averments are denied. Strict proof thereof is demanded at trial, if material. By way of further answer, it is denied that any of the alleged damages were in any way caused by any of the actions of the answering defendant. Therefore, strict proof thereof is demanded at trial, if material.

WHEREFORE, the answering defendant, Scottsdale Insurance Company, denies that plaintiff is entitled to judgment in any manner or amount.

## COUNT III
## THE BETHLEHEM AREA SCHOOL DISTRICT VERSUS NAUTILUS AND SCOTTSDALE, BAD FAITH CLAIM 42 PA.C.S. SECTION 8371

66. Answering defendant incorporates the above paragraphs as if fully set forth at length herein.

67. Denied. It is denied as a conclusion of law that there is no reasonable basis for any of the actions of the answering defendant. On the contrary, the answering defendant at all times material hereto acted reasonably and in accordance with the law and exercised good faith.

68. Denied. It is denied as a conclusion of law that there is no reasonable basis for any of the actions of the answering defendant. On the contrary, the answering defendant at all times material hereto acted reasonably and in accordance with the law and exercised good faith.

69. Denied. The averments in this paragraph are denied as conclusions of law. By way of further answer, the answering defendant at all times materially hereto acted reasonably and in accordance with the law.

70. Denied. The averments in this paragraph are denied as conclusions of law. By way of further answer, the answering defendant at all times materially hereto acted reasonably and in accordance with the law.

71. Denied. The averments in this paragraph are denied as conclusions of law. By way of further answer, the answering defendant at all times materially hereto acted reasonably and in accordance with the law.

72. Denied. The averments in this paragraph are denied as conclusions of law. By way of further answer, the answering defendant at all times material hereto acted reasonably and in accordance with the law.

WHEREFORE, the answering defendant, Scottsdale Insurance Company, denies that plaintiff is entitled to judgment in any manner or amount.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims set forth in the Complaint, and to bring forth a direct action against the defendant, Scottsdale Insurance Company.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendant are barred or reduced by its failure to mitigate damages or losses.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages an/or losses were caused by others whom the answering defendant had no control, nor right of control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims of negligence may be the result of the acts or omissions of other individuals or entities which acts or omissions may constitute intervening and/or superseding causes of the damages allegedly sustained by the plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by a contractual limitations period set forth in the Scottsdale policy of insurance.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant incorporates herein by reference, as though fully set forth at length, all limitations, bars, preclusions, exclusions, deductibles and other provisions, terms and conditions in the insuring agreement existing under the contract of insurance between answering defendant and White Brothers.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages under Count II of the Complaint, alleging bad faith under 42 Pa. C.S. §8371, are without foundation or merit because plaintiff is not entitled to coverage under answering defendant's policy.

### NINTH AFFIRMATIVE DEFENSE

Defendant believes, and therefore avers, that plaintiff, in taking part in the procurement, initiation or continuing of these civil proceedings, is acting in a grossly negligent manner or without probable cause and primarily for purposes other than that of securing the proper adjudication of a claim.

### TENTH AFFIRMATIVE DEFENSE

Defendant believes, and therefore, avers that plaintiff does not reasonably believe that it is entitled to coverage under the policy of insurance issued by answering defendant because the policy is a general liability policy which clearly and unambiguously does not apply to or provide coverage for the alleged loss.

## ELEVENTH AFFIRMATIVE DEFENSE

As a result of the foregoing, plaintiff is or may become subject to liability for damages under 42 Pa. C.S. §8353 for wrongful use of civil proceedings and/or Federal Rule 11 which may include, but is not limited to, any specific pecuniary loss that has resulted from these proceedings and expenses that answering defendant reasonably incurs in defending against these proceedings, together with punitive damages.

## TWELVETH AFFIRMATIVE DEFENSE

Defendant incorporates herein by reference, as if fully set forth at length, all affirmative defenses and New Matter set forth in Pa. R.C.P. 1030.

## THIRTEENTH AFFIRMATIVE DEFENSE

The discovered mold and resulting damages, if any, were the result of long-standing moisture, humidity, ventilation and water penetration problems which were never addressed by the School District and steam cleaning without appropriate ventilation conducted by the School District in classrooms during the summer of 2000, and such losses and causes of loss are not covered under the policy of insurance issued by answering defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited by the terms, conditions, scope, limitations and exclusions of the policy of insurance issued by answering defendant and the contract between plaintiff and White Brothers.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff had acted with comparative bad faith in the filing and pursuit of the present claim.

WHEREFORE, defendant, Scottsdale Insurance Company respectfully requests this Honorable Court to enter judgment in its favor and against plaintiff, including an award of costs and reasonable attorneys' fees.

                           SWARTZ, CAMPBELL & DETWEILER

                           By:_____
                              John F. Lewis, Esquire
                              1601 Market Street, 34th Floor
                              Philadelphia, PA 19103
                              Attorney for Defendant,
                              Scottsdale Insurance Company