IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETHLEHEM AREA SCHOOL DISTRICT | ) ) ) | |
| v. | ) ) | No. 02-CV-4033 |
| NAUTILUS INSURANCE COMPANY | ) ) ) ) | |
| and | ) ) | |
| SCOTTSDALE INSURANCE COMPANY | ) ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

I.   FACTUAL BACKGROUND

This is a negligence action brought by plaintiff Bethlehem Area School District (hereinafter Bethlehem) for damages allegedly caused by White Brothers Construction, Inc (hereinafter White Brothers) in connection with work performed at Freemansburg Elementary School, in the Bethlehem Area School District.  The action against White Brothers is presently pending in the Court of Common Pleas of Northampton County, and the plaintiff, Bethlehem Area filed a Complaint on May 31, 2002.

There has been no determination in the Northampton County action of liability nor damages.

Defendant Nautilus Insurance Company is the liability insurance carrier for White Brothers, the defendant in the underlying Northampton County action.

Defendant Scottsdale Insurance Company is the excess liability insurance carrier for White Brothers in the underlying action.

This is a direct action by plaintiff Bethlehem Area against both Nautilus and Scottsdale as liability and excess liability carriers, respectively, for White Brothers. In its Complaint, it is alleged that said defendants are liable to plaintiff on a theory of Bad Faith and Breach of Contract.

There has been no judicial determination of White Brothers liability to plaintiff in the underlying Northampton County action. Moreover, there has been no assignment by White Brothers to plaintiff Bethlehem Area School District of any claims against White Brothers own insurance carriers.

Plaintiff recently filed a Motion for Summary Judgment, alleging, among other things, that plaintiff lack of standing to bring this action.

II.  ARGUMENT

    A.  Lack of Standing

Defendant Scottsdale incorporates herein the Memorandum of Law filed in support of its Motion for Summary Judgment. As noted in said memorandum, this action is for statutory bad faith, pursuant to 42 Pa.C.S.A. §8371. This is a direct action by plaintiff Bethlehem Area against the liability insurance carrier and excess liability insurance carrier for White Brothers, Defendant in an action for negligence filed in the state court.

Defendant Scottsdale pointed out in its original Memorandum of Law that this action is barred by the Pennsylvania Superior Court decision on <u>Strutz vs. State Farm Mutual Insurance Company</u>, 415 Pa. Super 371, 609 A.2d 569 (1992), Allocatur denied, 532 Pa. 657, 615 A.2d 1313 (1992).

Under Pennsylvania Law, plaintiff cannot maintain a direct action against additional defendant Scottsdale Insurance Company on claims of Bad Faith nor Breach of Contract, without an assignment from the insured. <u>Brown vs. Candelora</u>, 708 A.2d 104, Pa. Super (1998); <u>Marks vs. Nationwide</u>, 2000 Pa. Super 341, 762 A.2d 1098 (2000).

In <u>Brown vs. Candelora</u>, the issue was whether a plaintiff, who had recovered a judgment against an insured tortfeasor, could, without a obtaining an assignment from the defendant insured, institute a garnishment action against the tortfeasor's insured based on claims of Bad Faith and breach of contract seeking sums in excess of the coverage provided by the policy. In <u>Brown</u>, an action for injuries arising from a motor vehicle accident, plaintiff's case went to trial and judgment was entered in the amount in excess of defendant's liability insurance coverage. Plaintiff then commenced a garnishment of proceeding against Nationwide alleging that Nationwide, plaintiff's liability insurance carrier, had acted in Bad Faith towards its insured, and sought payment of full amount of the verdict. There was no assignment, however, to plaintiff, from Nationwide's insured of the claims against Nationwide.

The court in <u>Brown vs. Candelora</u> held that a direct action against the liability insurance carrier is barred:

-3-

> Under settled Pennsylvania Law, Appellants (plaintiff) cannot maintain a direct action against Nationwide since:
>
> (a) Appellant's are strangers to the contract of insurance. (Citations omitted).
>
> (b) Appellant are not third party beneficiaries of the contract of insurance between Mr. Yiambilis (defendant in the underlying action) and Nationwide. (Citations omitted).
>
> (c) Appellants were owed no duty to Nationwide so that there can be no claim of breach of a duty. (See: Strutz vs. State Farm Mutual Insurance Company, Super; Messina vs. Nationwide Mutual Insurance Company, (302 U.S. App. DC. 384, 998 F 2d, D.C. Cir. 1993).
>
> (d) Appellant sustained no damages as a result of any breach of the contract of the insurance by Nationwide since, as result Nationwide's refusal to properly settle appellant's claim for the policy limits of $100,000.00, appellant's have obtained a significant excess judgment in addition receipt of the $100,000.00 policy limits. Brown vs. Candelora, 708 A.2d 108.

The court went on to note that:

> As a result, we have conclude that Pennsylvania should be added to the many courts which have specifically addressed and rejected the argument that an injured plaintiff may proceed by way of garnishment or direct action, against the tortfeasor's insurer, seeking your recovery in excess of the policy limits based on an alleged Bad Faith breach of the insured's duty to the insured's tortfeasor. (Citations omitted). Brown vs. Candelora, 708 A.2d at 113.

In Marks vs. Nationwide, plaintiff filed an action for personal injuries, and obtained a jury verdict in excess of defendant's liability insurance coverage. Plaintiff filed a compliant, on her own behalf, and on behalf of defendant insured, against the defendant's liability insurance carrier, Nationwide, seeking to recover the full amount of the verdict. Plaintiff's claim was based on a Bad Faith theory under 42 Pa.C.S. § 8371, the Pennsylvania Bad Faith statute.

In <u>Marks</u>, defendant Nationwide argued that plaintiff lacks standing to pursue such an Action for Bad Faith. There was no assignment of the claim by the defendant insured to the plaintiff. The court sustained defendants preliminary objections, holding that the injured plaintiff had no direct action against defendants liability insurance carrier, holding as follows:

> Pennsylvania law prohibits a plaintiff, as a judgment creditor, from maintaining an action against the insured of the tortfeasor on Bad Faith claims when those claims have not been expressly assigned by the tortfeasor and when any Bad Faith claim against the insured has been expressly rejected by the tortfeasor. (Citing <u>Brown vs. Candelora</u>).

In <u>Brown</u>, this court held that in an insurer's claims against the insured for breach fiduciary duty, bad faith, and 42 Pa.C.S. § 8371 are assignable in Pennsylvania. However, the Court also held that a third party may not maintain a bad faith action against a tortfeasor's insurer without first obtaining an assignment from a tortfeasor. <u>Marks vs. Nationwide</u>, 762 A.2d at 1101.

Under the aforementioned cases, plaintiff clearly lacks standing to maintain a direct action against defendant Scottsdale.

Moreover, as noted, defendant Scottsdale is the excess liability insurance carrier for White Brothers. The underlying State Court action in Northampton County against White Brothers is still pending. There has been no determination of liability nor damages. Defendant Scottsdale's duty is owed to its insured, White Brothers. In the underlying State Court action, defendant liability insurance carrier, Nautilus, was providing a defense to its insured.

There has been no determination of liability on the part of White Brothers nor there has been a determination of damages. Under the policy of liability insurance, defendants Nautilus and Scottsdale will be liable only for damages arising from covered loss. However, there has been no determination of any such damages nor loss, and as such, said claims are contingent on the outcome of the underlying State Court case.

Moreover, under aforementioned case law, the insured's duty of good faith under 42 Pa.C.S.A. 8371 is to its own insured. A direct action by an injured plaintiff against defendant's liability insurance carrier is barred under Pennsylvania Law, without an assignment of said claim by the insured. In any event such claims are unliquidated claims.

Under Pennsylvania law, plaintiff Bethlehem Area School District lacks standing to maintain this direct action against defendant Scottsdale Insurance carrier.

Wherefore, defendant Scottsdale respectfully request this court grant defendant's Motion for Summary Judgment, and mark this case dismissed with prejudice as to defendant Scottsdale Insurance Company.

                                              Respectfully submitted,

                                              SWARTZ, CAMPBELL & DETWEILER

By:_____
        John F. Lewis, Esquire
        1601 Market Street, 34th Floor
        Philadelphia, PA 19103
        Attorney for Defendant,
        Scottsdale Insurance Company